PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TINA KENDEL, | ) | CASE NO. 5:10-cv-02300 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| LOCAL 17-A UNITED FOOD AND COMMERCIAL WORKERS, *et. al.*, | ) ) | **MEMORANDUM OF OPINION AND ORDER** (Resolving ECF Nos. 110, 122, 123, 124, 126, 127) |
| Defendants. | ) | |

Before the Court are various motions regarding the upcoming trial in this matter. The Court's rulings which have been indicated orally are issued below.

1. Defendant Local 17-A's Objection to Plaintiff's Witness List (ECF No. 96) is sustained. Plaintiff will not be permitted, during her case-in-chief to call the eleven (11) witnesses identified in ECF No. 96.

2. Defendant's Motion in Limine to Exclude Racial Comments is granted (ECF No. 122). The Courts notes Plaintiff's acknowledgment that she had not intended to introduce evidence of racial comments, ECF No. 145.

3. Plaintiff's Motion in Limine #1 (To Exclude Defendant's Dismissed Counterclaim Involving Social Security Numbers) (ECF No. 123) is granted. The Court notes Defendant's acknowledgment that it had not intended to introduce evidence concerning the dismissed counterclaim, ECF No. 130.

(5:10-cv-02300)

      4. Plaintiff's Motion in Limine #2 (To Exclude Any Court Orders, Verdicts and Opinions from Case No. 5:05cv1999 [NDOH]) (ECF No. 124) is granted.  As the Court indicated during the telephone conference held on June 22, 2012, the Court intends, to the extent legally practicable, to exclude the admission of evidence related to the discrimination/hostile work environment case, *i.e.* Case No. 5:05cv1999.  Continuing in this vein, the Court denies Defendant's Motion to Take Judicial Notice (ECF NO. 110) of an Order issued in Case No. 5:09cv1999.  In addition to the reasons stated herein and those made by Plaintiff, the Court believes the motion itself is faulty.  Federal Rule of Evidence 201(d) mandates that judicial notice be taken only when the court is "supplied with the necessary information."  The Order attached to the motion, ECF No. 110-1, is insufficient in that it does not provide this Court with pertinent information such as the specific conduct found to be sanctionable and the amount or type of sanction imposed.

      5. Plaintiff's Motion in Limine #3 (To Exclude Invoking Attorney-Client Privilege to the issue of the Authorization of Retaliatory Counterclaim and Reason(s) for Said Claim) (ECF No. 125) is to be taken up outside of the hearing of the jury.  The record before the Court (ECF Nos. 125, 132, and 140) has not persuaded the Court that evidence of the Conversion Counterclaim filed in Case No. Case No. 5:05cv1999 should be admitted when the Court has ruled that, generally, evidence of that case will not be admitted.  No question shall be put to a witness that is intended to invoke the attorney client privilege without further discussion with the Court.

(5:10-cv-02300)

    6. Plaintiff's Motion in Limine #4 (To Allow Her to Introduce Into Evidence Defendant's Policy with Hudson Insurance) (ECF No. 126) is granted. Plaintiff is cautioned that this evidence may be used only within the boundaries established by Federal Rule of Evidence 411, that is, to prove bias or prejudice, for example, not to prove that Defendant acted wrongfully.

    7. Plaintiff's Motion in Limine #5 (To Exclude Plaintiff's Previous Trial Testimony) (ECF No. 127) is denied. Defendant will be permitted to use Plaintiff's prior testimony for impeachment purposes as specified in Federal Rule of Evidence 801(d). At this time, the Court denies the specific request of Defendant "to question Plaintiff Kendel regarding the false evidence that she created in order to establish her original discrimination charge." ECF No. 134. It is not clear to the Court how, whether as impeachment or otherwise, Defendant intends to pursue this line of questioning. Therefore, Defense counsel must seek an explicit ruling before asking this line of questioning.

    IT IS SO ORDERED.

June 25, 2012                       /s/ Benita Y. Pearson
Date                                  Benita Y. Pearson
                                          United States District Judge