PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TINA KENDEL, | ) | |
| | ) | CASE NO. 5:10cv2300 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LOCAL 17-A UNITED FOOD AND | ) | |
| COMMERCIAL WORKERS, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 194] |

Defendant Local 17-A United Food and Commercial Workers, Inc. filed a Motion for Reconsideration of the Court's Order (ECF No. 193) granting Plaintiff Kendel's Motion to Compel Defendant to order a transcript to supplement the record for Defendant's appeal (ECF No. 191). ECF No. 194. Kendel filed a response. ECF No. 195.

Defendant first argues, for the first time, that Kendel ignored the requirements of Fed. R. App. Pro. 10(b) because she did not timely object to Defendant's decision not to order a transcript. ECF No. 194 at 2-3. Defendant did not raise this argument in response to Kendel's motion to compel Defendant to order a transcript, and is thus precluded from doing so now. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("we have found issues to be waived when they are raised for the first time in motions requesting reconsideration."); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D.Ohio 2008) ("Courts should not reconsider prior decisions where the motion for reconsideration either renews arguments already considered or proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue").

(5:10cv2300)

Defendant next asserts that it intends to pursue its arguments based on the pleadings and motions filed before the Court, as well as the Court's orders, and therefore a transcript is not necessary. ECF No. 194 at 3. Defendant appealed the Court's Order (ECF No. 187) denying its post-trial Motion for Judgment as a Matter of Law, or, in the alternative, Motion for Alteration or Amendment of the Judgment (ECF No. 172). ECF No. 188. In the post-trial motion, Defendant had argued in part that the punitive damages award was excessive because,

> there was no evidence that Defendant Local 17-A's conduct exhibited indifference to or reckless disregard for the safety of others. As to the third criteria, there was no evidence that Plaintiff Kendel was a financially vu[l]nerable target. As to the fourth criteria, there was no evidence that Defendant Local 17-A's wrongful conduct was repeated. Finally, as to the fifth element of reprehensibility, there was no evidence that Defendant Local 17-A's misconduct was the result of any intentional malice, trickery or deceit.

ECF No. 172 at 9. In denying Defendant's motion, the Court found that there was evidence presented at trial to support a jury finding that Defendant's misconduct was the result of intentional malice, trickery or deceit.[1] ECF No. 187 at 11-12. Accordingly, Defendant's assertion that it intends to only rely on pleadings and motions filed with the Court on appeal is not supported by the record.

Finally, Defendant's assertion that the issue is "not a matter for resolution by this Court . . . . [r]ather, Ms. Kendel's remedy lies with the Sixth Circuit Court of Appeals" is unsupported by legal authority. ECF No. 194 at 4. While a motion for reconsideration should not be used to re-litigate issues previously considered, courts traditionally will find justification for

---

[1] The Court also stated that it "trusts the sound judgment of the jurors whom listened to the testimony and found that Defendant retaliated against Plaintiff and awarded punitive damages accordingly." ECF No. 187 at 13.

2

(5:10cv2300)

reconsidering interlocutory orders when there is: 1) an intervening change of controlling law; 2) new evidence; or 3) a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. App'x. 949, 959 (6th Cir. 2004) (unpublished disposition) (citing *Reich v. Hall Holding Company*, 990 F.Supp. 955, 965 (N.D.Ohio 1998)). Defendant does not argue there is a need to correct clear error or prevent manifest injustice. Accordingly, Defendant's Motion for Reconsideration (ECF No. 194) is denied.

      IT IS SO ORDERED.

| | |
|---|---|
|  April 3, 2013 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |